## James R. Lane v. James Frake, Trustee.

1. RELEASE—*Penalty for Not Executing—Injunction.*—The Superior Court has jurisdiction to hear and determine, in a proceeding to enjoin the prosecution of a suit brought against a trustee to recover the penalty provided by statute for failing to execute a release of the trust deed, the question as to whether the party demanding is entitled to such release.

**Memorandum.**—Appeal from an interlocutory order granting an injunction entered by the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1894. Affirmed. Opinion filed March 5, 1895.

APPELLANT'S BRIEF, ARND, EVANS & ARND, ATTORNEYS; LYNDEN EVANS, OF COUNSEL.

Where the court obtained jurisdiction to foreclose the mortgage, it can afford all incidental relief germane to the principal object of the bill. Citizens National Bank v. Dayton, 116 Ill. 257; Bradshaw v. Adkins, 110 Ill. 323.

In order to obtain an injunction the bill should fully set forth the grounds of the application, the immediate necessity therefor, and the grounds of the threatened action at law. 10 A. & E. Enclpda., 890, " Pleadings;" Worthing v. Lee, 61 Md. 530; Fisher v. Greene, 5 Colo. 541.

FRAKE & PEAKE, attorneys for appellee.

### STATEMENT OF THE CASE.

From the record here filed, it appears that appellant claims to be the owner of certain premises upon which a mortgage exists in the form of a trust deed to James Frake, as trustee;

Lane v. Frake.

that some time since a bill to foreclose said mortgage was filed in the Superior Court of Cook County, by said Frake as trustee, and by others as the holders of the indebtedness, secured by said trust deed; that appellant was made a party defendant thereto, and after answering said bill, filed a bill insisting that as to a certain portion of the premises covered by said trust deed, he was entitled to have the same released, and the foreclosure proceedings as to the same dismissed; that appellee filed a demurrer to said bill; that such cause is still pending in said Superior Court; that after such suit was brought in said Superior Court, appellant demanded of said Frake, as such trustee, that he execute a release from said trust deed of said portion of said premises; that said Frake refused so to do, whereupon appellant brought suit before a justice of the peace, against appellee, under Sec. 10 of Chap. 95 of the Revised Statutes of the State of Illinois, which provides, " If any mortgagee or trustee, in a deed in the nature of a mortgage, of real or personal property, or his executor or administrator, heirs or assigns, knowing the same to be paid, shall not, within one month after the payment of the debt secured by such mortgage or trust deed, and request and tender of his reasonable charges, release the same, he shall, for every such offense, forfeit and pay to the party aggrieved the sum of $50, to be recovered in an action of debt before a justice of the peace," and that appellant obtained judgment thereon by default, from which judgment appellee took an appeal; that appellant has since made frequent, persistent and annoying demands upon appellee to make such release, and has brought several other suits against him under said statute, and threatened to continue to bring suits, and to make demand of such release until appellee shall comply with his insistance.

That appellee has frequently offered to make such release if appellant would procure the assent thereto of the holders of the indebtedness, received on said trust deed; but such holders, so far from consenting to such release, have distinctly forbidden appellee's making the same, and have notified him that they would hold him personally responsible,

should he do so; that thereupon appellee filed in said cause pending in said Superior Court, his petition, praying that appellant be enjoined from further demanding that appellee make such release, and from bringing suit against appellee to recover a penalty or penalties under the statute for not executing such release, and from prosecuting the suits by him, appellant, begun to recover such penalty, until the right of the said appellant to such release may be finally adjudicated in the said foreclosure proceedings and under the bill therein filed.

Whereupon the said Superior Court ordered that appellant be enjoined, restrained and strictly prohibited from bringing any other or further suit or suits against the said trustee, James Frake, for the statutory penalty for failure or refusal to release any of the lots demanded to be released from the lien of the said trust deed by the said appellant until the further order of this court, and thereupon said James R. Lane, cross-complainant, prayed an appeal to this court.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Manifestly, the Superior Court has complete jurisdiction to hear and determine in the proceeding before it, whether appellant is entitled to the release he, after such court had acquired such jurisdiction, demanded from appellee, and for failing to execute which he brought suit to recover the penalty provided by statute, when a trustee fails to execute a release to which a party demanding the same is entitled.

The Superior Court, having first acquired jurisdiction, may retain it, and might, as it did, properly enjoin appellant from attempting to have determined by proceedings thereafter begun in a court of law, one of the questions at issue in said Superior Court. High on Injunctions, Secs. 48 and 49.

The order of the Superior Court is affirmed.